NO. 07-05-0078-CR
07-05-0079-CR
07-05-0080-CR
07-05-0081-CR
07-05-0082-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 11, 2006
_____

JAVIER RODRIGUEZ CARBAJAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16,084-B, 16,085-B, 16,086-B, 16,102-B, 16,109-B;

HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following his pleas of not guilty to charges brought by five separate indictments, consolidated for trial, appellant Javier Rodriguez Carbajal was convicted by a jury of all five charges and assessed the indicated sentences, as follows:

(1)     Unauthorized use of a motor vehicle - two years confinement and a $2,000 fine;

(2)     Unlawful possession of a firearm by a felon - seven years confinement and a $7,000 fine;

(3)     Aggravated kidnapping (enhanced) - ninety-nine years confinement and a $10,000 fine;

(4)     Possession of a controlled substance - two years confinement and a $10,000 fine; and

(5)     Burglary of a habitation (enhanced) - twenty years confinement and a $10,000 fine.

By a single issue, appellant contends the trial court denied him his right to effective assistance of counsel during voir dire examination. We affirm.

At the conclusion of voir dire, before counsel made their strikes, counsel for appellant requested to be provided with a copy of the criminal history information "pulled" by the State on each potential juror prior to voir dire. Counsel asserted that the information was not protected work product and would inform him of any convictions, including those which tend to disqualify jurors.[1] In response, the court stated that it would expect the State to notify the court and disclose any information that would disqualify a member of the panel from serving as a juror. The State objected to appellant's request for the histories, claiming that there was no authority requiring it to disclose such information to the defense.

---

[1] *See* Tex. Code Crim. Proc. Ann. arts. 35.16, 35.19 (Vernon 1989 and Supp. 2006) (providing grounds for disqualification).

2

Counsel for appellant conceded he had no authority to support his position but stated he had been provided such information in the past. The trial court ruled as follows:

> I'll deny that motion to the extent it calls for matters that would not show a disqualification and would grant it as to matters that would show a disqualification.

The jury subsequently convicted appellant on all counts.

By his sole issue, appellant contends the trial court's refusal to compel the State to disclose the results of the venire panel's criminal history check denied him the right to effective assistance of counsel. Specifically, he argues that the ruling effectively limited the scope of voir dire and prevented him from intelligently exercising his peremptory challenges.

We initially note that counsel's request for the criminal histories at trial was accompanied by his contention that "it is an unfair prejudice if we are not allowed to have that information." Again, the contention on appeal is that the information would have helped appellant to intelligently exercise his peremptory challenges, and that the trial court's failure to order disclosure of the histories effectively limited the scope of his voir dire. The contention on appeal does not correspond with that made at trial. That alone would warrant our overruling appellant's issue. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995) (objection stating one legal theory may not be used to support another legal theory on appeal).

Addressing the merits of appellant's issue, he correctly asserts that a criminal defendant's right to counsel protected by Article 1, Section 10 of the Texas Constitution encompasses the right to ask proper questions on voir dire to permit the intelligent exercise of peremptory and for cause challenges. *See Taylor v. State,* 109 S.W.3d 443, 452 (Tex.Crim.App. 2003) (stating rule).

Review of a trial court's decisions during voir dire is for abuse of discretion. *Howard v. State,* 941 S.W.2d 102, 108 (Tex.Crim.App. 1996). If abuse of discretion infringing the right to question the venire is shown, we will evaluate harm to appellant under the standard applicable to nonconstitutional error under Rule of Appellate Procedure 44.2(b). *Taylor,* 109 S.W.3d at 450-55. An abuse of discretion infringing the right to question the venire in order to intelligently exercise peremptory challenges ordinarily is shown only when a proper question about a proper area of inquiry is prohibited. *Barajas v. State,* 93 S.W.3d 36, 38 (Tex.Crim.App. 2002); *Howard,* 941 S.W.2d at 108.

As noted, appellant's request and the court's ruling occurred at the conclusion of voir dire. Although the trial court partially denied appellant's request, it never prohibited appellant from questioning the venire panel regarding their criminal histories or otherwise inhibited him from obtaining information he needed to exercise his challenges. *See Taylor,* 109 S.W.3d at 454. Given this fact, we are unable to see how the trial court's ruling prevented the intelligent exercise of appellant's peremptory challenges. Appellant's issue is overruled.

Accordingly, the trial court's judgment is affirmed.

James T. Campbell
Justice

Do not publish.